**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

CHRISTOPHER SADOWSKI,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　:　　Case No. 1:20-cv-02244-DLC
　　　　　　　　　　　　　　　　　　:
　　　　　　　- against -　　　　　　　:　　**STIPULATED PROTECTIVE**
　　　　　　　　　　　　　　　　　　:　　**ORDER**
ZIFF DAVIS, LLC.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant.　　　:
------------------------------------------------------------- x

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby **ORDERED** that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) shall not use such information except for purposes of this litigation and cannot disclose such information to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business,

commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. The person producing Discovery Material may designate portions thereof "Highly Confidential – Attorneys' Eyes Only," but only after such party has made a good faith determination that the Discovery Material includes or constitutes highly confidential or proprietary information which, if disclosed to the other party, rather than to its counsel, could result in serious injury or harm to the producing or designating party's interests, including, but not limited to:

    (a) Information prohibited from disclosure by statute;

    (b) previously nondisclosed financial information (including without limitation balance sheets, income statements, income tax returns, W-2 forms, and 1099 forms, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (c) medical information and protected health information concerning any individual;

    (d) mental health information concerning any individual;

    (e) personal identity information; and

    (f) personnel or employment records.

The producing or designating party producing any Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" only such portion of such material as consists of Highly Confidential – Attorneys' Eyes Only material.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorney' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorney' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Highly Confidential – Attorney' Eyes Only" either on the record during the deposition or in writing within fourteen (14) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorney' Eyes Only," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Order.  In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

6. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as "Confidential" to any other person whomsoever, except to:

    (a)    the parties to this action;

    (b)    outside counsel retained specifically for this action or in-house counsel assigned specifically to this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    (c)    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    (d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, and to whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto, and provided that witnesses shall not retain any copy of Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

    (e)    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this

action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f)     stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g)     independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h)     the Court and its staff;

(i)     mediators appointed by the parties or the Court; and

(j)     any other person whom the producing person, or other person designating the Discovery Material, agrees in writing may have access to such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.

7.  Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" may only be disclosed to persons identified in subparagraphs 6(b), (d), (e), (f), (g), (h), (i), or (j).

8.  Prior to the disclosure of any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior

4841-3571-2189v.2 0098504-000020

to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

9. Any person who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

10. Notwithstanding the designation of material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in discovery, the parties shall follow Rule 7 of Judge Cote's Individual Practices (February 3, 2020) with respect to filing under seal.

11. Each person who has access to Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

12. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

4841-3571-2189v.2 0098504-000020

13. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

So ordered.  5.29.2020.

_____
DENISE COTE
United States District Judge

4841-3571-2189v.2 0098504-000020

**FORM NON-DISCLOSURE AGREEMENT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

CHRISTOPHER SADOWSKI,                              :

            Plaintiff,     :     Case No. 1:20-cv-02244-DLC

        - against -                 :

                 :     **NON-DISCLOSURE**
ZIFF DAVIS, LLC.                                        :     **AGREEMENT**

            Defendant.     :

------------------------------------------------------------ x


       I _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of this litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


      Dated: _____          _____
                                                 [Signature]

4841-3571-2189v.2 0098504-000020

**SO STIPULATED.**

Dated: New York, New York
        May 29, 2020

**LIEBOWITZ LAW FIRM, PLLC**

By:___/s/ Richard P. Liebowitz_____
        Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel.: 516-233-1660
E-mail: RL@liebowitzlawfirm.com
*Attorney for Plaintiff Christopher Sadowski*

**DAVIS WRIGHT TREMAINE LLP**

By:___/s/James Rosenfeld_____
        James Rosenfeld
        Abigail B. Everdell
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel.: 212-402-4089
E-mail: jamesrosenfeld@dwt.com
        abigaileverdell@dwt.com
*Attorneys for Defendant Ziff Davis, LLC*

**SO ORDERED**

Dated: _____, 2020

_____
**DENISE L. COTE**
**United States District Judge**

4841-3571-2189v.2 0098504-000020