UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
CHRISTOPHER SADOWSKI,                :
                                     :
                        Plaintiff,   :        20cv2244 (DLC)
                                     :
            -v-                      :        OPINION AND ORDER
                                     :
ZIFF DAVIS, LLC,                     :
                                     :
                        Defendant.   :
                                     :
------------------------------------ X

APPEARANCES

For plaintiff:
Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Ste. 305
Valleystream, NY 11580
(516) 233-1660

For defendant:
James Rosenfeld
Abigail B. Everdell
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Fl.
New York, New York 10020
(212) 489-8230

DENISE COTE, District Judge:

       Following the rejection of its Rule 68 offer, defendant

Ziff Davis, LLC ("Ziff Davis") seeks a bond of $20,000 in this

copyright action, which was filed by attorney Richard Liebowitz

("Liebowitz") on behalf of plaintiff Christopher Sadowski

("Sadowski").  For the following reasons, Ziff Davis has shown

that it is entitled to a bond of $20,000.

**Background**

On April 1, 2017,[1] Sadowski's photograph of the exterior of a Home Depot store (the "Photograph") was published in the <u>New York Post</u> accompanying an article entitled <u>Home Depot Bucks Sluggish Retail Trends</u>.  As represented by Liebowitz at the May 18, 2020 pretrial conference in this case, Sadowski licensed this photograph to the <u>New York Post</u> for $275.  The Photograph was registered with the U.S. Copyright Office on June 30, 2017.

Sadowski asserts that Ziff Davis, which maintains the website TechBargains.com, posted the Photograph on TechBargains.com on an unknown date without receiving authorization to do so.  Ziff Davis realized less than $30 in commissions from product purchases made by customers linking through TechBargains.com.

Liebowitz filed this action on behalf of Sadowski on March 13, 2020.  Liebowitz has represented Sadowski in at least forty other copyright actions that have been filed in federal court.

---

[1] At a May 18, 2020 initial pretrial conference, Liebowitz purported to correct the Court that the Photograph was published in May 2017.  According to the U.S. Copyright Office's online record, of which the Court takes judicial notice, the Photograph was published on April 1, 2017.  <u>https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=va0002056827&Search_Code=REGS&PID=vKVoFV3OwncDqtxWMGzg-ODOrRyM&SEQ=20200617111700&CNT=25&HIST=1</u>.

Upon notice of this suit, Ziff Davis removed the Photograph from the TechBargains.com website.[2]

On April 9, Ziff Davis made an offer of judgment pursuant to Rule 68, Fed. R. Civ. P., for an amount that Ziff Davis describes as "exceed[ing] five times the typical licensing fee for a stock image such as the Photograph, plus an estimated total of the costs and attorneys' fees [Sadowski] had incurred" at the time of the offer.  Ziff Davis also represents that the offer amount is more than five times greater than $275 (which Liebowitz represents is the amount for which the Photograph was licensed to the New York Post), plus an estimate of Sadowski's costs and attorney's fees at the time of the offer.  Sadowski did not respond to the Rule 68 offer before it expired.

On May 7, Ziff Davis answered the complaint asserting seventeen affirmative defenses.  Pursuant to a scheduling order issued following the May 18 pretrial conference, fact discovery in this case is scheduled to conclude on September 18.  A motion for summary judgment or pretrial order is due October 16.

At the May 18 pretrial conference, Ziff Davis also announced its intention to move for a bond.  On May 22, Ziff Davis filed a motion for a bond of $20,000.  This motion was

---

[2] Sadowski did not provide Ziff Davis with pre-suit notice of its claim.

fully submitted on June 4.  For the reasons set forth below, the motion is granted.

## Discussion

Local Civil Rule 54.2 provides in relevant part:

> The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

S.D.N.Y. Local Civ. R. 54.2.  In determining whether to require a bond under Local Civil Rule 54.2, a court may consider the following factors:

> the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of discovery; the legal costs expected to be incurred; and compliance with past court orders.

Cruz v. American Broadcasting Companies, Inc., No. 17cv8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (citing Selletti v. Carey, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, J.), aff'd, 173 F.3d 104 (2d Cir. 1999)).

As courts within this circuit have recognized, each factor need not be considered in every case, and, in copyright cases similar to this one, have limited their inquiry to considering the legal costs expected to be incurred and compliance with past court orders.  See Rice v. Musee Lingerie, LLC, No. 18cv9130 (AJN), 2019 WL 2865210, at *1 (S.D.N.Y. July 3, 2019) (collecting cases).  Focusing on these two factors -- the legal

4

costs expected to be incurred and compliance with past court orders -- imposition of a bond is appropriate.

I.   Legal Costs

Beginning with the legal costs expected to be incurred, Sadowski may be required to pay Ziff Davis's costs for this litigation.  Under Rule 68, Fed. R. Civ. P., if a settlement offer is rejected and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Without passing on the merits of this copyright case, the complaint alleges garden variety infringement.  Ziff Davis has represented that it profited by less than $30 from the alleged infringement and promptly removed the Photograph upon notice of this lawsuit.  In this district, copyright cases of this kind do not typically exceed awards of three to five times the license fee for a work, which Sadowski's counsel has stated was $275. See Rice, 2019 WL 2865210, at *2 (collecting cases).  As Ziff Davis represents that it has made an offer that "far exceed[s]" five times the license fee, even if Sadowski prevails in this action, it is likely that his recovery would be lower than the Rule 68 offer.  In such a case, Sadowski would be required to pay Ziff Davis's post-offer costs.  The costs for obtaining two

deposition transcripts, Liebowitz concedes, on its own, is $1,500.

Costs also could include Ziff Davis's post-offer attorney's fees.  This Court, and other courts in this district, have concluded that when a plaintiff in a copyright action recovers less than the defendant's offer of judgment under Rule 68, the plaintiff is required to pay the defendant's attorney's fees incurred after that offer.  Mango v. Democracy Now! Productions, Inc., No. 18cv10588 (DLC), 2019 WL 3325842, at *5 (S.D.N.Y. July 24, 2019); see also Rice, 2019 WL 2865210, at *3 (collecting cases).

As the Supreme Court has held, the term "costs" in Rule 68 refers to all costs that may be awarded under the statute that is the basis for the underlying claim.  Marek v. Chesny, 473 U.S. 1, 9 (1985).  Where the underlying statute defines "costs" to include attorney's fees, such fees are "costs" for purposes of Rule 68.  Wilson v. Nomura Sec. Int'l, Inc., 361 F.3d 86, 89 (2d Cir. 2004).  Because fees may be awarded as part of the recoverable costs to a prevailing party under the Copyright Act, 17 U.S.C. § 505, a copyright plaintiff that receives a judgment which is less than the amount that it has rejected in a Rule 68 offer must pay the defendant's post-offer attorney's fees as part of its obligation to pay the defendant's costs.

Sadowski acknowledges that this Court and others have held
that a copyright plaintiff may be required to pay a defendant's
attorney's fees following a judgment that is lower than an
amount identified in a rejected Rule 68 offer.  Nonetheless,
Sadowski requests that the Court revisit this ruling in light of
a non-binding decision that embraces an argument that the Court
has already considered and rejected -- that the Copyright Act's
language limiting attorney's fees to a "prevailing party"
precludes an award of post-offer fees to a defendant in the
context of Rule 68.  See Seidman v. Authentic Brands Grp. LLC,
No. 19cv8343 (LJL), 2020 WL 1922375, at *6 (S.D.N.Y. Apr. 21,
2020).  As discussed at length in Mango, while the Second
Circuit has not addressed whether a copyright defendant may be
entitled to post-offer attorney's fees under Rule 68, its
precedent dictates that Rule 68 "reverses" the operation of Rule
54(d), Fed. R. Civ. P., which provides, in relevant part, that
"costs -- other than attorney's fees -- should be allowed to the
prevailing party."  See 2019 WL 3325842, at *1-5 (citing
Stanczyk v. City of New York, 752 F.3d 274, 28 (2d Cir. 2014)).
Accordingly, costs, including post-offer attorney's fees, may be
allowed to a defendant whose rejected Rule 68 offer exceeds the
amount ultimately recovered by the plaintiff in a copyright
case.

Given the extensive discovery already requested by
Sadowski, Ziff Davis's attorney's fees in this case are likely
to run high.  So far, Sadowski has requested thirty-nine
requests for production and nineteen interrogatories, many of
which exceed the scope of permissible interrogatories at this
stage of the litigation per this district's Local Civil Rule
33.3.  In sum, the legal costs expected to be incurred favors
the imposition of a bond.

The other arguments Sadowski makes against imposition of a
bond are recycled by his counsel, Liebowitz, and have been
rejected by this Court and others in this district.  For
instance, in Mango, this Court was unpersuaded by Liebowitz's
argument that the Rule 68 reversal of the prevailing party
standard under Rule 54(d) would not be triggered simply because,
as here, the defendant's Rule 68 offer did not contain an
admission of liability.  2019 WL 3325842, at *5.  As in Mango,
because the plaintiff seeks damages, the Rule 68 offer is a full
response to that demand.

Sadowski also challenges the assessment that any award he
may receive is likely to be lower than the Rule 68 offer.
Relying on Psihoyos v. John Wiley & Sons, Inc., No. 11cv1416
(JPO), 2012 WL 5506121 (S.D.N.Y. Nov. 7, 2012), he argues that
he may recover up to $150,000 if he proceeds to trial.  As
explained in Rice, Psihoyos -- where there was "an array of

evidence indicating that Defendant made no effort to curb its
infringement after becoming aware that Plaintiff's photographs
had been used without license," Psihoyos, 2012 WL 5506121, at
*2, -- is inapposite to a case such as this one, where, "at
most, Plaintiff's photograph briefly appeared on Defendant's
website . . . and has subsequently been removed." Rice, 2019 WL
2865210, at *2.

## II.  Compliance with Court Orders

The next factor, compliance with past court orders, also
weighs in favor of imposing a bond.  Sadowski's counsel,
Liebowitz, acknowledges that he has filed over 2,500 cases in
the last four years.  In this district alone, he has filed over
700 cases since 2016.  In litigating these cases, Liebowitz
regularly fails to comply with court orders, earning him "the
dubious distinction of being a regular target of sanctions-
related motions and orders." Mango, 2019 WL 3325842 (citation
omitted).

Liebowitz does not deny that he has been repeatedly
sanctioned, but contends that the court should focus instead on
the fact that he has not yet violated any court order in the
instant action.[3]  While one can always hope that Liebowitz will

---

[3] Plaintiff already failed in this action to comply with Rule
4(l), Fed. R. Civ. P., which requires that he file proof of
service of the complaint on the docket.

comply with court orders in this case and conform his behavior to the standards of his chosen profession, it is difficult to be sanguine on this score given his track record.  For his part, Sadowski has chosen an attorney who is repeatedly sanctioned by courts and that counsel's record militates in favor of imposing a bond.

## III.  Constitutional Arguments

Sadowski also makes two constitutional arguments against imposition of a bond.  First, he argues that the First Amendment right to petition the government prohibits the imposition of a bond unless it is "conclusively determine[d]" that his claim is "frivolous."  This argument lacks merit.  Sadowski already has made use of the court system by filing this litigation, which resulted in a Rule 68 offer for an amount that exceeds the typical recovery in an action of this kind.  Since rejecting that offer, Sadowski's counsel has failed to follow the Federal Rules of Civil Procedure and this district's Local Rules governing discovery practice, and engaged in litigation tactics that will increase the costs of resolving this dispute.  Imposing a bond, as permitted by the Federal Rules of Civil Procedure, is within a court's sound discretion, and the Court has exercised it here to guard against Liebowitz's well-documented vexatious practices.

Sadowski's second constitutional argument invokes the "class of one" theory of Equal Protection.  He argues that district courts within this circuit have violated the Equal Protection clause by imposing bonds exclusively against "individuals" alleging copyright infringement, as opposed to copyright plaintiffs that are "artificial entit[ies]."  Imposing a bond here, he argues, would violate his rights as a "class of one" under the Fourteenth Amendment.

Sadowski seems to misunderstand what is meant by a "class of one."  The "class of one" theory of Equal Protection permits a "single individual" to "claim a violation of her Equal Protection rights based on arbitrary treatment," in contrast to the traditional application of Equal Protection which protects "groups of citizens" from being treated "differently than others."  NRP Holdings LLC v. City of Buffalo, 916 F.3d 177, 198 (2d Cir. 2019) (citation omitted).  Sadowski cites no case in which the "class of one" theory has been applied to find that natural persons, as a group, have faced unlawful discrimination as compared to artificial entities.  Sadowski also has made no attempt to demonstrate that he could meet the standard required by a plaintiff pleading a "class of one" claim.[4]  Id.   Moreover,

---

[4] To establish a class of one claim, a plaintiff must show that: "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a

any Equal Protection claim alleging that this circuit's district courts have unlawfully discriminated against Sadowski may not be asserted against Ziff Davis, a non-government actor that is defending itself in this copyright action.[5]

IV. Amount of Bond

A court has discretion in setting a bond amount under Local Civil Rule 54.2.  The rule provides that "[t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount . . . as it may designate."  S.D.N.Y. Local Civ. R. 54.2.

The immediate imposition of a bond in an amount limited to $20,000 is appropriate at this stage of the litigation.  The defendant may seek an additional bond should the course of litigation so require.  As already discussed, the defendant will expend far more than $20,000 in attorney's fees should this

---

legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."  NRP Holdings, 916 F.3d at 198 (citation omitted).

[5] District courts outside this circuit have also sanctioned Liebowitz.  Recently sanctions have been imposed by the District of Colorado, Mondragon v. Nosrak LLC, No. 19cv1437 (CMA) (NRN), 2020 WL 2395641 (D. Colo. May 11, 2020), the Southern District of Illinois, Ward v. Consequence Holdings, Inc., No. 18cv1734 (NJR), 2020 WL 2219070 (S.D. Ill. May 7, 2020), and the Eastern District of Pennsylvania, Cramer v. Cecil Baker & Partners, Inc., No. 19-1503, 2019 WL 2774181 (E.D. Pa. July 1, 2019).

litigation proceed through to the completion of discovery, and an exponentially greater amount should it proceed beyond discovery.

Sadowski opposes a bond in any amount but argues that any bond should be no greater that $1,500 because that is the anticipated cost of two deposition transcripts.  Sadowski does not represent that he is unable to post a bond in the amount of $20,000; he provides no financial information whatsoever. Instead, he argues that the burden rests on Ziff Davis to show that Sadowski is able to post a bond in the amount requested.

To the extent that Ziff Davis bears the burden to show that its request for a bond in a particular amount is reasonable, it has met that burden when measured by what it is in a position to know about Sadowski and what it can predict about the costs of this litigation in the near future.  Should Sadowski have additional pertinent information to share on these issues, the burden shifted to him to present that information in opposition to the motion.

## Conclusion

Ziff Davis's May 22, 2020 motion for a bond is granted.

Sadowski shall post a bond with the Clerk of Court by June 26,
2020 in the amount of $20,000.

Dated:     New York, New York
           June 19, 2020


                              _____
                                        DENISE COTE
                              United States District Judge